NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 7 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30135 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00152-SMJ-1 |
| v. | |
| JASON C. YOUKER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted December 5, 2017**
Seattle, Washington

Before:  O'SCANNLAIN, TALLMAN, and WATFORD, Circuit Judges.

Jason Youker was convicted of numerous counts related to conspiracy to

distribute methamphetamine and heroin, and unlawful possession of firearms and

ammunition in furtherance of those crimes.  Youker appeals his conviction on the

grounds that he was denied his Sixth Amendment right to self-representation while

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

incarcerated pre-trial and Fifth Amendment right to due process, and received ineffective assistance of standby counsel. Youker also argues the district court abused its discretion by restricting his access to discovery and denying his motion to continue the trial. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Youker was not denied his constitutional rights to self-representation and due process simply because standby counsel served as a facilitator between the investigator and Youker. Given Youker's stated need for an investigator and the court-funded private investigator's refusal to work directly with Youker, the district court made a permissible adjustment "to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." *See Savage v. Estelle*, 924 F.2d 1459, 1462 (9th Cir. 1990) (citation omitted); *see also McKaskle v. Wiggins*, 465 U.S. 168, 177 n.8 (1984) ("The trial judge may be required to make numerous rulings reconciling the participation of standby counsel with a *pro se* defendant's objection to that participation[.]").

Neither did standby counsel's refusal to relay investigative requests that were "outside the ethical bounds of things that could be requested" violate Youker's rights to self-representation and due process, as it was not "a matter that would normally be left to the defense's discretion." *McKaskle*, 465 U.S. at 181; *see also Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985) ("[A]voidance of

2

abuse by opportunistic . . . defendants may require special adjustments." (citations omitted)). "The right of self-representation is not a license to abuse the dignity of the courtroom" or "not to comply with relevant rules of procedural and substantive law." *McKaskle*, 465 U.S. at 184 (quoting *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Moreover, complying with ethical rules is not ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *cf. United States v. Thoreen*, 653 F.2d 1332, 1340 (9th Cir. 1981) ("Ethical standards establish the outermost limits of appropriate and sanctioned attorney conduct.").[1]

2. The district court did not abuse its discretion by denying Youker's numerous requests for "complete access" to discovery. *See United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007). A criminal defendant's right to access discovery "must be balanced against the legitimate security needs or resource constraints of the prison." *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995). Here, the district court did not give Youker unrestricted access in his cell to discovery—which included sensitive statements by cooperating co-defendants— given safety concerns that Youker would disseminate the information to harass or

---

[1] Appointing standby counsel despite Youker's claim that "we don't get along" did not violate the Sixth Amendment. *See McKaskle*, 465 U.S. at 180–81 (no Sixth Amendment violation despite "acrimonious exchange[s]" between defendant and standby counsel, during which counsel "used profanity and curtly directed [defendant] to '[s]it down'").

harm those co-defendants, and a reluctance to "micromanage jail officials," whose prevailing policy did not permit detainees to keep discovery in their cells.

Youker's argument that the discovery "could have been redacted, or placed on a computer" is unavailing. Youker had personal access to over 2,600 pages of material, which the government organized into seven indexed binders and delivered to the jail for his perusal six months before trial. He could choose between daily access to one binder at a time in a visiting booth—or, alternatively—access to all seven at once in the law library, but only during allotted daily hours. "When [constitutionally permissible legal assistance] is provided [at government expense], as was here, [Defendant] may not reject the method provided and insist on an avenue of his . . . choosing." *United States v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982) (citation omitted). These reasonable limits on Youker's access to discovery were not an abuse of discretion. *See Sarno*, 73 F.3d at 1492 (no abuse of discretion where defendant had twenty hours to review 250,000 pages of discovery). Here, Youker had access to the material for months, though testimony of the jail officials established he rarely looked at them.

3. Neither did the district court abuse its "broad discretion" by denying Youker's request for a continuance on the first day of trial on a case that had been pending for a year. *See United States v. Flynt*, 756 F.2d 1353, 1358–59 (9th Cir. 1985) (establishing four-part test for reviewing a denial of a continuance).

4

Notwithstanding prior continuances sought by both sides and granted by the district court, Youker argues he should have been allowed additional time because his constitutional rights were violated. On this record, Youker's constitutional claims are without merit. Youker "has failed to adduce any evidence that would support a conclusion that the district court abused its discretion in refusing to postpone the trial" again. *See Sarno*, 73 F.3d at 1493.

**AFFIRMED.**